UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 15-13727-RWZ

PAUL A. FAJANA

v.

JUDITH VANCE

MEMORANDUM AND ORDER

March 31, 2017

ZOBEL, S.D.J.

Plaintiff Paul A. Fajana moves for relief from judgment under Massachusetts Rule of Civil Procedure 60(b)(4) and 60(b)(6). However, because his case is in federal court, the appropriate rule is the comparable Federal Rule of Civil Procedure 60(b). See Hanna v. Plumer, 380 U.S. 460, 465–74 (1965).

On July 6, 2016, this court issued a decision granting defendant Judith Vance's motion to dismiss plaintiff's complaint. See Docket # 8. Plaintiff's current motion suggests that this decision was in error. However, this is an insufficient basis for relief under Rule 60(b)(4) or 60(b)(6). Rule 60(b)(4) provides relief when "the judgment is void." Fed. R. Civ. P. 60(b)(4). However, "'[a] judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process.'" Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995) (alterations in original) (quoting United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). "A

judgment is not void . . . simply because it is or may have been erroneous." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (quoting Hoult, 57 F.3d at 6) (explaining that "a motion under Rule 60(b)(4) is not a substitute for a timely appeal"). Accordingly, Rule 60(b)(4) does not provide a basis for relief.

Nor does Rule 60(b)(6). Under this subdivision, the court can grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[T]here is no specific time limit for filing such a motion." Gonzalez v. Walgreens Co., 918 F.2d 303, 305 (1st Cir. 1990). However, "a motion under this subdivision must be made within a reasonable time." Id. Further, relief from judgment is appropriate only when "the movant can demonstrate that 'extraordinary circumstances' prevented a timely appeal." Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991). The instant motion was filed more than seven months after defendant's motion to dismiss was granted. Plaintiff provides neither an explanation for the delay nor extraordinary circumstances to justify relief. See Zarrilli v. Capitol Bank & Trust Co., 993 F.2d 1531 (Table), 1992 WL 475635, at *1 (1st Cir. 1993) (per curiam) ("Appellant has given no explanation, much less shown extraordinary circumstances, to excuse his failure to appeal that judgment. 'Rule 60(b)(6) may not be used to escape the consequences of the movant's dilatory failure to take a timely appeal.'" (quoting Mitchell, 951 F.2d at 420)).

Plaintiff's motion for relief from judgment (Docket # 11) is DENIED.

| March 31, 2017 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |