UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13727-RWZ

PAUL A. FAJANA

v.

JUDITH VANCE

ORDER

October 10, 2018

ZOBEL, S.D.J.

On November 4, 2015, plaintiff Paul A. Fajana filed a complaint that alleged his constitutional rights were violated when his employment as a substitute teacher in the Boston Public Schools was unjustifiably terminated and defendant, Judith Vance, the Director of Workforce Planning for the Boston Public Schools, failed to grant him a name-clearing hearing.  Defendant, in due course, moved to dismiss the complaint for failure to state a claim, which was allowed on July 6, 2016.  Judgment dismissing the complaint entered on July 7, 2016.  Plaintiff did not appeal from the judgment and all was quiet for the next 8 months.

On March 1, 2017, plaintiff, pro se, filed a "Motion for Relief from Judgment [MRCP 60(b)(4)(6)]",  which detailed his grievances with the defendant's response to his termination and subsequent failure to grant relief.  Defendant duly filed an opposition and on March 31, 2017, the court entered a Memorandum and Order explaining why plaintiff was not entitled to the relief he sought and denying his motion.

Some two- and one-half months later, on June 19, 2017, defendant, by counsel, filed two oppositions to motions apparently sent to her by plaintiff but which plaintiff never filed in court. Since the court's record included neither of the opposed motions, the court, on August 1, 2017, noted that no action was required.

Finally, on February 8, 2018, plaintiff submitted a document entitled "Plaintiff's [modify] motion for joinder of claims and required joinder of parties [FRCP 18 and 19] and memorandum of law in support of motion [for joinder of claims and required joinder of parties...]"

Since the complaint in this case was dismissed for failure to state a claim, plaintiff's only remedy at that time was an appeal to the Court of Appeals. Absent his availing himself of that right he had left only such rights as are granted by Fed. R. Civ. P. 60(b). While plaintiff did try that route, it, too, is subject to limitations of time and "extraordinary circumstances." That motion for relief failed on both grounds. This litigation has been concluded and the judgment cannot be changed. Accordingly, plaintiff's most recent motion for joinder is denied and he shall not file any more motions in this case.

|  |  |
|---|---|
| October 10, 2018 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |